**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

RONALD DEAN LITTLE,

                                                              PETITIONER

ADC#109926

v.                                        5:12CV00385-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                             RESPONDENT

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

        The following recommended disposition has been sent to United States District Judge D. P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

        If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

        1.      Why the record made before the Magistrate Judge is inadequate.

        2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

1

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.     BACKGROUND

On March 4, 2011, Mr. Little appeared before the Saline County Circuit Court and entered into a negotiated plea of "no contest" to charges of manslaughter and battery.  (Doc. No. 2 at 53-56, 62 - 72.)  The agreement included recommended concurrent sentences of 20 years imprisonment for manslaughter and 10 years imprisonment for battery.  (Doc. No. 7-2 at 12.)  The court imposed the recommended sentence.  (Doc. No. 2 at 71.)

Mr. Little then filed a Rule 37 petition in Saline County Circuit Court on June 6, 2011, in which he alleged ineffective assistance of counsel.  (Doc. 2 at 16-20.)  He stated his attorney was ineffective because (1) he was not a member of the Arkansas Bar Association; (2) he converted Petitioner's Social Security benefits for his personal use; and (3) he failed to develop the record with regard to his mental competence.  (*Id.* at 18.)  Mr. Little also alleged 1) he was denied a speedy trial; 2) he was incompetent; and 3) his sentence was illegal.  (*Id.* at 19.)

Without a hearing, the circuit court denied Mr. Little's Rule 37 petition on July 13, 2011. (Doc. No. 7-1.)   He appealed this decision to the Supreme Court of Arkansas.  (Doc. No. 2 at 74-

74.) When he moved for an extension of time and a petition for writ of certiorari, the Court dismissed his entire appeal because it "was clear [he] could not prevail." *Little v. State*, 2012 Ark. 194.

Mr. Little filed the instant habeas petition on October 12, 2012, claiming 1) his counsel was constitutionally ineffective; 2) the record was not properly developed regarding his competency; 3) his sentence was illegal; and 4) he was deprived his right to appeal when the Arkansas Supreme Court dismissed his appeal prematurely. (Doc. No. 2 at 1-16.)

Respondent filed a Response (Doc. No. 7) and the matter is ripe for a decision. For the foregoing reasons, the Court recommends Mr. Little's Petition should be dismissed.

## II.    ANALYSIS

### A.    Exhaustion of Claims

As a prerequisite to reaching the merits of a federal habeas petition, a federal court "must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). In order to satisfy the requirement that he fairly present his habeas claims in state court, a petitioner must have "refer[red] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 48 F.3d 1094, 1096 (8th Cir. 2007) (quoting *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997)). The Supreme Court of the United States has held that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). *See also Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to

claim that an evidentiary ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Mr. Little has properly advanced four grounds through the state courts. (Doc. No. 2 at 1-16.) However, his Petition also raises new claims not previously addressed. For example, Mr. Little claims his attorney abandoned him until a week before the plea hearing and the trial judge did not adhere to the plea agreement. (*Id.* at 6.) These claims were neither raised in his Rule 37 Petition nor on appeal. Accordingly, only those constitutional issues raised in his Rule 37 Petition and appealed to the Arkansas Supreme Court are properly this Court.

### B.    Limited Federal Review of Claims Adjudicated in State Court

"In the interests of finality and federalism," federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under the AEDPA, federal review of underlying state court decisions is limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding, and the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than the [United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also*

4

*Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007).   A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Williams*, 529 U.S. at 413.   Under subsection (d)(2), a state court decision involves an unreasonable determination of the facts in light of the evidence presented "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003) (citations omitted).

Moreover, interpretation and application of state law are not subject to habeas corpus review since federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) (citing *Bounds v. Delo*, 151 F.3d 1116, 1118 (8th Cir. 1998) ("Determinations of state law made by a state court are binding on a federal court in habeas proceedings").  Thus, questions of state law that have been decided by a state court are simply not reviewable, "even under the deferential standard of 28 U.S.C. § 2254(d)." *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) (quoting *Lee v. Gammon*, 222 F.3d 441, 443 (8th Cir. 2000)).  Of course, a factual issue would be susceptible to limited review by the habeas court.  *See* 28 U.S.C. § 2254(e)(1).[1]  However, it is not the duty of the federal habeas court to "reexamine state-court determinations on state-law questions."  *Id*.  A federal court conducting a habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Id*. (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

1.      Ineffective Assistance of Counsel

The Arkansas Supreme Court correctly identified the governing federal law for

---

[1]State court factual findings are "presumed to be correct," and this presumption can be rebutted only by clear and convincing evidence.  28 U.S.C. § 2254(d).

ineffectiveness claims as *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* establishes a two-element test for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.   Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687.

Following *Strickland*, the court held that defense counsel was not ineffective because Mr. Little "failed to allege that he would not have pled guilty had counsel not made the asserted errors." *Little v. State*, 2012 Ark. 194, *1. Afer careful review of the Petition and Response, the Court concludes that state court's conclusion did not entail an unreasonable application of federal law.   In reviewing an ineffective assistance claim under the "unreasonable application" clause of § 2254(d)(1), "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).   The Arkansas Supreme Court reasonably applied *Strickland* to the facts of Mr. Little's case.   Even if Mr. Little could show his counsel was deficient, Mr. Little is unable to show the requisite prejudice.

2.    Mental Incompetency

Mr. Little seeks habeas relief because, as the Arkansas Supreme Court summarized, "counsel was ineffective for failing to subpoena certain doctors and their medical records - even referenced counsel's failure as it applied to [Mr. Little's] plea, claiming that the failure 'resulted in the coerced plea that [he] was forced to enter into.' " (Doc. No. 7-3 at 3-4.)  The Supreme Court dismissed this claim because Mr. Little failed to identify any of the doctors who should have been subpoenaed or state what their testimony would have been."  The Supreme Court went on to conclude that, under the law in Arkansas, Mr. Little was presumed to be competent and in postconviction setting, it was his duty to overcome the presumption. (*Id.* at 4.)  This Mr. Little has not done.

It is also important to note that Mr. Little's competency was evaluated three times by two health care professionals.  (Doc. 7-1 at 39.)  And after consulting with an additional expert prior to the plea hearing, Little's counsel withdrew his motion for a competency hearing.  (Doc. No. 2 at 63.)  At the plea hearing, the circuit court inquired of Mr. Little about his competency.  While Mr. Little did equivocate somewhat, he agreed he was competent.  (*Id*. at 64.)  Accordingly, on this point, the Court finds no constitutional error.

### 3. Illegal Sentence

Mr. Little's claim that his sentence is illegal is frivolous.  The record is clear that Mr. Little's claim is based on a scrivener's error.  (Doc. No. 7-1 at 40.)  Regardless of whether or not the judgment and commitment order included "habitual offender" language, Mr. Little is in fact a habitual offender.  This issue was fully developed at the plea hearing and this claim is without merit.  (Doc. No. 68-71.)

4.      Deprivation of Right to Appeal

This claim is also frivolous.  Although Mr. Little was denied additional time to develop the record, the Arkansas Supreme Court followed their well established precedent in dismissing the appeal rather than allowing a futile appeal to proceed.  Regardless, the Supreme Court still fully reviewed the circuit court's denial of Mr. Little's Rule 37 Petition and rendered a well reasoned opinion.  Therefore, this claim is without merit.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order.  In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).  The Court finds no issue on which Mr. Little has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability should be denied.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. Little's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice and the requested relief be DENIED.

2.      A certificate of appealability be denied.

DATED this 22nd day of May, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE